UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROSA MERCADO-SANTONI and
MARCOS MUÑÍZ-MERCADO,

    Plaintiffs,

    v.

HOSPITAL BUEN SAMARITANO, et al.,

    Defendants.

Civil No. 09-1829 (JAF)

**OPINION AND ORDER**

Plaintiffs, Rosa Mercado-Santoni and Marcos Muñíz-Mercado, bring this diversity action for medical malpractice under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141–5142 (1999), against Hospital Buen Samaritano, Inc. ("HBS") and various unknown defendants. (Docket No. 1.) HBS files for summary judgment, arguing that the statute of limitations for the cause of action has run out. (Docket No. 9.) Plaintiffs oppose. (Docket No. 16.)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

Civil No. 09-1829 (JAF)                                                                                                         -2-

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In evaluating a motion for summary judgment, we must view the record in the light most favorable to the nonmovant, and we must consider the entire record of admissible evidence. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150–51 (2000). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

A tort suit brought under Articles 1802 and 1803 must be commenced within one year of the first day the suit could have been filed. See 31 L.P.R.A. §§ 5298, 5299. In medical malpractice cases, the term of one year to bring the action is calculated once the affected party knows the origin of the damage and the reason for the cause of the damages. See Riley v. Rodríguez de Pacheco, 19 P.R. Offic. Trans. 806, 821 (1987).

In this case, Mercado-Santoni knew of the origin and reason for the cause of action in November 2007, at the latest. (Docket No. 9 at 8.) However, this lawsuit was filed on January 21, 2009, two months after the one-year term for filing the complaint had passed. (Docket No. 9 at 1.) Mercado-Santoni concedes that her claim is barred by the statute of limitations. (Docket No. 16 at 1.)

Civil No. 09-1829 (JAF) -3-

Muñíz-Mercado's mental incapacity prevents the statute of limitations from barring his claim. While Puerto Rico's Civil Code provides that statutes of limitations shall run against "all kinds of persons," see 31 L.P.R.A. § 5243 (1990), an exception to this general rule is made for minors and the mentally disabled, see 32 L.P.R.A. § 254 (2004). See Torres v. P.R. Water Res. Auth., 96 P.R. 634, 637–38 (1968). In the case of mental disability, the statute of limitations is tolled, so long as the individual does not return to his full mental capacity. See id. at 637 n. 1. Furthermore, the fact that the mentally-incapacitated person has a legally-appointed guardian does not prevent the tolling of the statute of limitations. Id.

Muñíz-Mercado was recently deemed mentally incapacitated by a Florida court. (See Docket No. 16-3 (appointing Mercado-Santoni as Muñíz-Mercado's legal guardian).) Furthermore, Mercado-Santoni attests that Muñíz-Mercado suffered said incapacity when the alleged tort occurred and that it continues through the present day. (Docket No.17-1.) Defendants present no challenge to the claim of Muñíz-Mercado's mental incapacity. Thus, because of his mental incapacity, Muñíz-Mercado's claims are not time-barred.

For the foregoing reasons, we hereby **GRANT** in part and **DENY** in part HBS' motion for summary judgment. (Docket No. 9). We dismiss Rosa Mercado-Santoni's claims but retain Muñíz-Mercado's claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of August, 2010.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge