UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARCOS MUÑÍZ-MERCADO, <br><br> Plaintiff, <br><br> v. <br><br> HOSPITAL BUEN SAMARITANO, et al., <br><br> Defendants. | Civil No. 09-1829 (JAF) |

**OPINION AND ORDER**

Plaintiff, Marcos Muñíz-Mercado, brings this diversity action for medical malpractice under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141–5142 (1999), on his behalf and as successor in interest to Isolina Mercado-Santoni, against Hospital Buen Samaritano, Inc. ("HBS") and various unknown defendants. (Docket No. 1.) HBS moves for summary judgment. (Docket No. 29.)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

Civil No. 09-1829 (JAF)                                                                                                        -2-

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The movant does not need to produce evidence to prove the absence of a genuine issue of material fact but may instead point to a lack of evidence supporting the nonmovant's case. Id. In evaluating a motion for summary judgment, we must view the record in the light most favorable to the nonmovant, and we must consider the entire record of admissible evidence. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150–51 (2000). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Local Civil Rule 56(b) requires a movant to supplement his summary judgment motion with a supporting statement of material facts. The facts in this statement are deemed admitted unless properly controverted with specific citations to the record. See L. Cv. R. 56(e).

HBS moved for Summary Judgment on August 30, 2010, arguing that Plaintiff failed to produce an expert witness report under Federal Rule of Civil Procedure 26(a)(2)(b) to establish medical malpractice and pointing to its own expert's opinion that the treatment received by Isolina Mercardo-Santoni did not fall below minimum standards of care. (See Docket No. 29-3.)

Civil No. 09-1829 (JAF) -3-

Federal Rule of Civil Procedure 56(c)(1)(B) clearly states that an opposition to summary judgment must be filed within twenty-one days of service of the summary judgment motion. As of today's date, Plaintiff has neither responded to HBS's motion, nor requested an extension of time to file such a response. HBS has fulfilled its burden of pointing to a lack of evidence to establish medical malpractice. In light of both the complete absence of evidence presented by Plaintiff and our duty to accept as true all material facts that have not been properly controverted, we find no genuine issue of material fact exists to require a trial.

As to the unnamed insurance companies captioned as Defendants, over a year has passed since the filing of this case and Plaintiff has failed to identify or serve these Defendants. We may dismiss Plaintiff's claims against these unknown defendants unless Plaintiff shows good cause for his delay. See Fed. R. Civ. P. 4(m).

For the foregoing reasons, we hereby **GRANT** HBS' motion for summary judgment. (Docket No. 29). We dismiss Plaintiff's claims against HBS. We **ORDER** Plaintiff to show cause, **on or before October 12, 2010**, as to why we should not dismiss for the failure to identify and serve unknown defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of October, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge