UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARCOS MUÑÍZ-MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>HOSPITAL BUEN SAMARITANO,<br><br>Defendant. | Civil No. 09-1829 (JAF) |

**OPINION AND ORDER**

Plaintiff, Marcos Muñíz-Mercado, timely moves under Federal Rule of Civil Procedure 59(e) to alter or amend our judgment of October 9, 2010 (Docket No. 41). (Docket No. 43.)

We grant relief under Rule 59(e) where necessary to (1) correct manifest errors of law or fact; (2) consider newly-discovered evidence; (3) incorporate an intervening change in the law; or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

On October 4, 2010, we issued an Opinion and Order granting the summary-judgment motion filed by Defendant, Hospital Buen Samaritano, and dismissing Plaintiff's claims. (Docket No. 41.) Plaintiff argues that our granting Defendant's motion for summary judgment (Docket No. 29) was an error of law because we summarily denied that same motion from the bench during a Pretrial/Status Conference hearing on September 9, 2010. Upon review of the

Civil No. 09-1829 (JAF)                                                                                         -2-

hearing transcript (Docket No. 54), we find that Plaintiff is correct.  In discussing Defendant's summary-judgment motion, we expressed our desire to adjudicate Plaintiff's claim at trial, an expression that Plaintiff reasonably relied on as a summary denial of Defendant's motion.  (See Docket No. 54 at 9–10.)

In opposition to Plaintiff's motion for reconsideration, Defendant advances an argument that Plaintiff lacks standing for his claim.  (Docket No. 44.)  Defendant argues that claims cannot be brought on behalf of an undivided estate unless all heirs are party to the litigation. (Id.)  Citing Judge Besosa's recent opinion in Cruz-Gascot v. HIMA, Civil No. 08-2080, 2010 U.S. Dist. LEXIS 79226 (D.P.R. Aug. 4, 2010), Defendant correctly notes that this District is divided on the issue of whether all heirs to an estate must be parties in an inherited action.[1]  (Id.) Defendant, however, fails to explain how this is a matter of standing, and not of dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 19.  Defendant neither cites to relevant case law nor specifies the constitutional or prudential standing doctrine

---

[1] Compare Cruz-Gascot v. HIMA, Civil No. 08-2080, 2010 U.S. Dist. LEXIS 79226, at *31 (D.P.R. Aug. 4, 2010) (Besosa, J.) (holding that all heirs must be named as parties in an inherited action where jurisdiction is based on diversity), with Rodriguez-Rivera v. Rivera Rios, Civil No. 06-1382, 2009 U.S. Dist. LEXIS 17495, at *9–10 (D.P.R. Mar. 5, 2009) (Casellas, J.) (finding absentee heirs neither necessary nor indispensable), and Ruiz-Hance v. P. R. Aqueduct and Sewer Auth., 596 F.Supp.2d 223, 229–30 (D.P.R. 2009) (Pérez-Gimenez, J.) (holding presence of all heirs unnecessary in adjudicating inherited action on behalf of estate), and Arias-Rosado v. Gonzalez Tirado, 111 F.Supp.2d 96, 99 (D.P.R. 2000) (Gierbolini, J.) ("The fact that the succession is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate.").

Civil No. 09-1829 (JAF)                                                                                                          -3-

that would be violated by our hearing this case. Therefore, we decline Defendant's request to dismiss Plaintiff's claim for lack of standing.

As to a dismissal under Rule 19, Defendant fails to demonstrate how the remaining heirs to Isolina Mercado's estate would be prejudiced if we rule on the merits of Plaintiff's claim. We explained in our Order and Opinion of August 25, 2010, that the one-year statute of limitations bars a tort action in this case by any heir who, unlike Plaintiff, cannot demonstrate a statutory exception to the general rule. (See Docket No. 27 (holding that the statute of limitations is tolled during the period of Plaintiff's mental disability, pursuant to 32 L.P.R.A. § 254 (2004)).) Heirs who are not party to the present suit lack the ability to bring a future action on their own, unless they, too, are somehow exempt from the limitations. Defendant presents no evidence that absent members would be prejudiced. Furthermore, Defendant fails to demonstrate the existence of additional factors under Rule 19 that would weigh in favor of dismissal, such as the inadequacy of a judgment entered in the heirs' absence or the existence of an alternative adequate remedy for Plaintiff. See Fed. R. Civ. P. 19(b)(3), (4). Thus, we find that dismissal pursuant to Rule 19(b) is inappropriate in this case.

Finally, we note that at the September 9 hearing, Plaintiff waived his medical malpractice claim for the death of Isolina Mercado and stated that he would proceed with a claim based solely on a theory of general negligence. (See also Docket No. 43 at 1–2 (reiterating waiver and continued claim of general negligence).)

Civil No. 09-1829 (JAF) -4-

We hereby **GRANT** Plaintiff's motion for reconsideration (Docket No. 43) and **VACATE** our prior Opinion and Order (Docket No. 41). In conclusion, Plaintiff's remaining negligence claim is scheduled for trial **on November 29, 2010, at 9:30 A.M**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of October, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge