UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARCOS MUÑÍZ-MERCADO,

Plaintiff,

v.

HOSPITAL BUEN SAMARITANO, et al.,

Defendants.

Civil No. 09-1829 (JAF)

**O R D E R**

Plaintiff, Marcos Muñíz-Mercado, brings this diversity action for medical malpractice under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141–5142 (1999), on his behalf and as successor in interest to Isolina Mercado-Santoni, against Hospital Buen Samaritano, Inc. ("HBS") and various unknown defendants. (Docket No. 1.) On August 25, 2010, we denied HBS's motion for summary judgment and set November 29, 2010, as the trial date. (Docket No. 27.) HBS moves under Federal Rule of Civil Procedure 60(b) for reconsideration of our denial of its summary-judgment motion. (Docket No. 61.) HBS also moves for leave to file a dispositive motion. (Docket No. 59.) Finally, both sides move to exclude evidence at trial: Plaintiffs move to exclude an expert's recently-amended report (Docket No. 56), while HBS moves to exclude a witness' testimony on the basis of incompetence (Docket No. 60).

Civil No. 09-1829 (JAF)                                                                                                                -2-

Rule 60(b) states that it is applicable only to a "final judgment, order, or proceeding." The denial of summary-judgment is not a final order except in select cases where summary judgment was sought on the grounds of qualified immunity. See Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 10 (1st Cir. 2000). There obviously were no qualified immunity issues to be raised in the case at bar. Therefore, our denial of summary judgment is not a final order and cannot be challenged under Rule 60(b).[1]

HBS also moves for leave to file a dispositive motion addressing Plaintiff's standing to bring this action and, once again, the statute of limitations. (Docket No. 59.) HBS previously argued the issue of Plaintiff's standing in its opposition to Plaintiff's motion for reconsideration (Docket No. 43). (See Docket No. 44.) In granting Plaintiff's motion for reconsideration, we noted that HBS had presented only a vague standing argument, neither identifying the standing doctrine Plaintiff's claim would offend nor citing any controlling authority. (Docket No. 55.) Given the close proximity to trial, we defer hearing and decision of such a motion until trial pursuant to Federal Rule of Civil Procedure 12(i). HBS' statute-of-limitations argument has been heard and decided. (See Docket No. 27.) We will not entertain this motion again.

HBS moves to exclude the testimony of witness Carmen Villanueva, arguing that she is incompetent to stand as a witness. (Docket No. 60.) Federal Rule of Evidence 601 directs us to consult the Commonwealth of Puerto Rico's law on competence when a witness will be

---

[1] We also note that Rule 59(e) is not available to HBS because our denial of the summary-judgment motion was issued on August 25, 2010, and so the twenty-eight-day deadline for filing a Rule 59(e) motion has expired.

Civil No. 09-1829 (JAF)                                                                                                  -3-

testifying to an element of a claim under Puerto Rico law. Puerto Rico Rule of Evidence 37, in turn, states that a witness is not competent to testify if incapable "of expressing himself concerning the matter on which he would give testimony in such a way as to be understood . . . or is incapable of understanding the obligation of a witness to tell the truth." 32 L.P.R.A. app. IV, R. 36 (2000).

HBS quotes Villanueva as stating in her deposition that her medication affects her ability to "remember and keep my thoughts straight." (Docket No. 60 at 3.) In the same deposition, she answers "no" when asked whether these medications would affect her ability to tell the truth. (Id.) This testimony cannot serve as a basis to exclude Villanueva's testimony. It demonstrates neither the inability to communicate and express herself nor a lack of capacity to understand her obligation as a witness to tell the truth. Villanueva's memory problems are not a question of competence but rather a question of credibility. Such credibility determinations will be made by the trier of fact.

Finally, Plaintiff objects to the amended report of HBS' expert witness, Dr. Miguel A. Magranel. (Docket No. 56.) Magranel's previous report, dated July 2, 2010, dealt only with the standard of medical care Isolina Mercado received as it related to her death, while the amended report, October 14, 2010, offers an opinion on the standard of care and the ulcers she developed. (See Docket No. 58-1; -2.) Plaintiff claims that to admit this evidence at trial would violate Federal Rule of Civil Procedure 16(e) on final pretrial orders and 26(a)(2)(c) governing the time to disclose expert testimony. We find that HBS complied with Rule 26(e)(2) in

Civil No. 09-1829 (JAF) -4-

supplementing its disclosure of its expert witness' testimony, and did so within the thirty-day baseline established by Rule 26(a)(3)(B).  Because Plaintiff was notified of the expert's amended report thirty days prior to trial, we do not find it necessary to exclude Magranel's testimony as to this amended report.  We will, however, grant Plaintiff the opportunity to conduct an additional deposition of Dr. Magranel within ten days of the filing of this order.

For the foregoing reasons, we hereby **DENY** HBS' Rule 60(b) motion (Docket No. 61) and its motion in limine as to witness Carmen Villanueva (Docket No. 60).  We **DENY** HBS' motion for leave to file a dispositive motion as to standing (Docket No. 59) without prejudice to its raising the issue at trial.  Finally, we **DENY** Plaintiff's motion to exclude the amended expert report (Docket No. 56).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 2010.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U.S. District Judge